UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

DOUGLAS ALTLAND

       v.                                                             Civil No. 25-cv-233-JL-TSM

MARYANN ALTLAND ET AL.[1]

### REPORT AND RECOMMENDATION

Appearing pro se and in forma pauperis, plaintiff, Douglas Altland, filed a Complaint (Doc. No. 1), asserting violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 et seq., as well as tort law claims. The Complaint is before this court for preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2). Because none of the claims, property, or defendants in this case has any connection to New Hampshire, and a transfer of this case to the Middle District of Pennsylvania is consistent with the interests of justice, the district judge should transfer this case to that District pursuant to 28 U.S.C. § 1406(a).

### LEGAL STANDARD

The court screens complaints filed by plaintiffs proceeding in forma pauperis to determine whether they assert any non-frivolous claim upon which relief might be granted, seek monetary relief from any defendant who is immune, or invoke this court's jurisdiction. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). The court construes the pleadings of pro se parties liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Where the defense of improper venue is obvious from the face of the complaint and no

---

[1] Defendants named by plaintiff in this case are Maryann Altland, Nick Backstow, Michael Dorado, Dr. Espenshade, Gerome Gray, Michelle Hechler, Jason Johnson, Larry Kuzmin, Clif Miliwicki, Derrick Reinhart, Alyssa Rivera, Michael Snell, Liz Smagala, and Michael Tatarko.

further factual record is required to be developed, the court may, sua sponte, dismiss the case, after plaintiff has an opportunity to object.  Wilkinson v. Sec'y, Fla. Dep't of Corr., 622 F. App'x 805, 809 (11th Cir. 2015); Cox v. Rushie, No. CA 13-11308-PBS, 2013 WL 3197655 at *4, 2013 U.S. Dist. LEXIS 86794 at *14 (D. Mass. June 18, 2013).  In the alternative, this court may transfer a case to another district court where venue is proper, in the interest of justice or for the convenience of the parties.  See 28 U.S.C. §§ 1404(a), 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

**DISCUSSION**

Federal venue law states, in pertinent part, that a civil action may only be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(1)-(2).  Civil RICO claims may be filed "in the district court of the United States for any district in which [a RICO defendant] resides, is found, has an agent, or transacts his affairs."  18 U.S.C. § 1965(a).  Section 1965(b) allows for service of process on out-of-district RICO defendants in certain circumstances.   See Peters Broad. Eng'g, Inc. v. 24 Cap., LLC, 40 F.4th 432, 435, (6th Cir. 2022).

The Complaint describes events that occurred in Pennsylvania or Delaware.  Plaintiff names defendants who appear to live in Pennsylvania.  Defendants include plaintiff's mother and sister in Chester County, Pennsylvania, a Pennsylvania or Delaware medical provider, a workplace administrator and a jobsite supervisor in the environs of Harrisburg, Pennsylvania, and other individuals with whom plaintiff claims to have interacted in Pennsylvania or Delaware, before

2

moving to New Hampshire in 2024 or 2025.  In particular, he asserts that his mother and sister entered into agreements with his former jobsite supervisor or otherwise interfered with his ability to seek compensation for his January 2022 Pennsylvania workplace injury, and that they effected changes to his father's estate planning documents or life insurance policy more than ten years ago, resulting in his loss of access to money to which he believed he was entitled in Pennsylvania.  Plaintiff also asserts claims of having received no medical care or inadequate care for injuries he sustained in Pennsylvania and other acts he believes violated his HIPAA rights or amounted to tortious conduct, involving some of the defendants he names.

Plaintiff does not allege that any defendant can be found in New Hampshire, that any defendant has a New Hampshire agent, that any defendant transacts business in New Hampshire, or that any defendant is otherwise connected to New Hampshire.  Plaintiff does not allege that any property at issue is situated in New Hampshire.  And it appears that the case can be filed in Pennsylvania.  New Hampshire is the wrong venue for this case.

Plaintiff expresses a concern in the Complaint for the statute of limitations.  Pennsylvania common law claims may be subject to a two-year, four-year, or six-year statute of limitations, depending on the nature of the claim.  See, e.g., Ash v. Cont'l Ins. Co., 593 Pa. 523, 526-27, 932 A.2d 877, 879–80 (2007).  Pennsylvania worker's compensation claims may be subject to a three-year statute of repose.  See Dickerson v. Workers' Comp. Appeal Bd. (A Second Chance Inc.), 229 A.3d 27, 31 (Pa. Commw. Ct. 2020).  And RICO claims are subject to a four-year federal statute of limitations, see Dickey v. Kennedy, 583 F. Supp. 2d 183, 188 (D. Mass. 2008).

Without expressing any opinion regarding whether plaintiff's claims are potentially meritorious or timely-filed, this court may properly transfer this case to a court in Pennsylvania where those issues may be considered, as necessary, in the context of that court's completion of

the screening authorized under 28 U.S.C. § 1915(e)(2), or at a later stage of the case, as that court may deem appropriate. As all defendants appear to reside in either the Eastern District of Pennsylvania or the Middle District of Pennsylvania, and a substantial part of the events or omissions giving rise to plaintiff's workplace injury claims occurred within the Middle District of Pennsylvania, the case could have been brought there. The district judge should direct the clerk's office to transfer this case to the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

For the foregoing reasons, the District of New Hampshire is the wrong venue for this case. In the interest of justice, the district judge should direct the clerk's office to transfer this case to the Middle District of Pennsylvania.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

June 30, 2025

cc:     Douglas Altland, pro se